IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WYETH LLC, WYETH PHARMACEUTICALS LLC, PF PRISM C.V., PFIZER PHARMACEUTICALS LLC and PFIZER PFE IRELAND PHARMACEUTICALS HOLDING 1 B.V. | ) ) ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| ALEMBIC PHARMACEUTICALS, LTD., ALEMBIC PHARMACEUTICALS, INC. , SUN PHARMACEUTICAL INDUSTRIES LIMITED and SUN PHARMACEUTICAL INDUSTRIES, INC., | ) ) ) ) ) ) |
| Defendants. | ) |

C.A. No. 16-1305 (RGA)
CONSOLIDATED

**REPLY IN FURTHER SUPPORT OF PLAINTIFFS' *DAUBERT* MOTION
TO EXCLUDE CERTAIN EXPERT TESTIMONY BY CRAIG W. LINDSLEY, PH.D.**

Plaintiffs Wyeth LLC, Wyeth Pharmaceuticals LLC, PF Prism C.V., Pfizer Pharmaceuticals LLC and Pfizer PFE Ireland Holding 1 B.V. (collectively "Pfizer") submit this reply, pursuant to Local Rule 7.1.2 and Paragraph 10(b) of the Scheduling Order (as amended), in further support of their motion for an order excluding the testimony of defendants' expert Craig W. Lindsley, Ph.D., with respect to whether Pfizer was diligent in reducing to practice the inventions claimed in the '148 and '625 patents.

Defendants' submission in opposition does nothing more than insist broadly that Dr. Lindsley is an experienced medicinal chemist familiar with "industry practices," whose opinion "fits" the issue of reasonable diligence and will somehow assist the Court in assessing whether the inventors named on the '148 and '625 patents were diligent in reducing their inventions to practice. However, having been afforded an opportunity to explain what

Dr. Lindsley can contribute, defendants point to nothing in particular he will say at trial on the subject of diligence that will in any way aid the Court in making a determination.  Defendants do not deny that Dr. Lindsley has no particular experience or expertise evaluating diligence in reduction to practice.

The cases that defendants cite do not justify Dr. Lindsley providing a conclusory opinion at trial as to whether the inventors were diligent.  In *Golden Bridge Tech., Inc. v. Apple Inc.*, 2013 WL 1431652, *2 (D. Del. 2013), the court permitted expert testimony regarding what is described only as "engineering diligence" and "attorney diligence," which testimony had been challenged on the grounds that "those activities were not directed to reducing the invention to practice."  The court's opinion provides no specifics regarding the expert's testimony and thus sheds no light on the propriety of Dr. Lindsley's proposed testimony here.[1]

In *EMC Corp. v. Pure Storage*, 154 F. Supp. 3d 81, 105 (D. Del. 2016), the expert (Jestice) testified "that all limitations of the . . . patent's asserted claims [were] disclosed" in the document reflecting prior conception.  This Court stated: "The documentary evidence and Mr. Jestice's expert opinions are consistent with [the inventors'] testimony.  Thus, analyzing all of the pertinent evidence of prior conception, I conclude that EMC has satisfied its burden of production.  Pure does not offer evidence inconsistent with EMC's claim to the earlier date of conception."  *Id.* at 106 (citations omitted).  There is no indication that the expert testified to whether the inventors were reasonably diligent.[2]

---

[1] Defendants fail to mention that the court in *Golden Bridge* granted a Daubert motion to exclude the expert testimony of a patent attorney regarding "attorney diligence."  2013 WL 1431652 at *2.

[2] Contrary to Defendants' description, this Court, in *EMC*, did not "affirm[] [a] finding of diligence."  (D.I. 233 at 6).  The Court merely denied a motion for summary judgment of invalidity, ruling that the issues of conception and reduction to practice were for a jury to decide. 115 F. Supp. 3d at 106.

In *Fairchild Semiconductor Corp. v. Power Integrations, Inc.*, 100 F. Supp. 3d 357, 369-70 (D. Del. 2015), the experts apparently testified regarding technical details of what the inventors' laboratory notebooks did and did not show regarding the effort to reduce the invention to practice.  Here, by contrast, Dr. Lindsley is not being asked to explain what the records reveal about the inventors' work.  Rather, he is to opine on whether the facts, as presented, constitute diligence.  Such testimony would be improper.

Finally, there is no merit to defendants' argument that barring Dr. Lindsley's testimony would leave them "effectively unable as a matter of law to present evidence addressing reasonable diligence." (D.I. 233 at 6).  Defendants deposed multiple Pfizer witnesses involved in the development of the claimed inventions.   Thus, at trial, defendants will have ample opportunity to present evidence in opposition to plaintiffs' showing of diligence, in the form of deposition testimony and cross-examination of plaintiffs' testifying witnesses.  In any event, the problem here lies with Dr. Lindsley providing a purportedly expert opinion as to whether the evidence regarding Pfizer's development effort reflects diligence or not. The fact that, as defendants argue, they "were not privy to the steps Plaintiffs took in reducing to practice" the claimed inventions (*id*. at 6-7), is not a justification for allowing improper expert opinion.[3]

---

[3] Defendants err in asserting that "[r]easonable diligence is a question of law." (D.I. 233 at 5).  In *REG Synthetic Fuels, LLC v. Neste Oil Oyj*, 841 F.3d 954, 958 (Fed. Cir. 2016), which defendants cite, the court stated that "[p]riority of invention and its constituent issues of conception and reduction to practice are questions of law predicated on subsidiary factual findings." Defendants evidently confuse conception and reduction to practice with reasonable diligence, which is a question of fact.  *Brown v. Barbacid*, 436 F.3d 1376, 1379 (Fed. Cir. 2006) ("The question of reasonable diligence is one of fact."); *see also Perfect Surgical Techniques, Inc. v. Olympus America, Inc.*, 841 F.3d 1004, 1008 (Fed. Cir. 2016) ("[t]he issue of reasonable diligence turns on the factual record").

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Megan E. Dellinger*

OF COUNSEL:

Aaron Stiefel
Daniel P. DiNapoli
Stephanie Piper
Andrew Bledsoe
ARNOLD & PORTER KAYE SCHOLER LLP
250 West 55th Street
New York, NY  10019-9710
(212) 836-8000

Soumitra Deka
ARNOLD & PORTER KAYE SCHOLER LLP
Three Embarcadero Center
San Francisco, CA 94111-4024
(415) 471-3100

*Attorneys for Plaintiffs*

September 13, 2019

Jack B. Blumenfeld (#1014)
Megan E. Dellinger (#5739)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@mnat.com
mdellinger@mnat.com

*Attorneys for Plaintiffs*

# CERTIFICATE OF SERVICE

I hereby certify that on September 13, 2019, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on September 13, 2019, upon the following in the manner indicated:

John W. Shaw, Esquire                                     *VIA ELECTRONIC MAIL*
Karen E. Keller, Esquire
David M. Fry, Esquire
Nathan R. Hoeschen, Esquire
SHAW KELLER LLP
1105 North Market Street, 12th Floor
Wilmington, DE  19801
*Attorneys for Defendants Sun Pharmaceutical Industries Limited and Sun Pharmaceutical Industries, Inc.*

Huiya Wu, Esquire                                         *VIA ELECTRONIC MAIL*
Daniel P. Margolis, Esquire
Steven J. Bernstein, Esquire
Cindy Chang, Esquire
GOODWIN PROCTER LLP
The New York Times Building
620 Eighth Avenue
New York, NY  10018
*Attorneys for Defendants Sun Pharmaceutical Industries Limited and Sun Pharmaceutical Industries, Inc.*

Joshua Weinger, Esquire                                   *VIA ELECTRONIC MAIL*
GOODWIN PROCTER LLP
100 Northern Avenue
Boston, MA 02210
*Attorneys for Defendants Sun Pharmaceutical Industries Limited and Sun Pharmaceutical Industries, Inc.*

Kimberly A. Beis, Esquire                                    *VIA ELECTRONIC MAIL*
Stephen P. Benson, Esquire
FREEBORN & PETERS LLP
311 South Wacker Drive, Suite 300
Chicago, IL 60606
*Attorneys for Defendants Sun Pharmaceutical*
*Industries Limited and Sun Pharmaceutical*
*Industries, Inc.*

Kelly E. Farnan, Esquire                                     *VIA ELECTRONIC MAIL*
Nicole K. Pedi, Esquire
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 North King Street
Wilmington, DE  19801
*Attorneys for Defendants*
*Alembic Pharmaceuticals, Ltd. and*
*Alembic Pharmaceuticals, Inc.*

Bradley C. Graveline, Esquire                                *VIA ELECTRONIC MAIL*
John B. Sample, Esquire
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
Three First National Plaza
70 West Madison Street, 48th Floor
Chicago, IL  60602
*Attorneys for Defendants*
*Alembic Pharmaceuticals, Ltd. and*
*Alembic Pharmaceuticals, Inc.*

Jesse Salen, Esquire                                         *VIA ELECTRONIC MAIL*
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
12275 El Camino Real, Suite 200
San Diego, CA  92130
*Attorneys for Defendants*
*Alembic Pharmaceuticals, Ltd. and*
*Alembic Pharmaceuticals, Inc.*

April E. Weisbruch, Esquire                                    *VIA ELECTRONIC MAIL*
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
2099 Pennsylvania Avenue NW, Suite 100
Washington, DC  20006
*Attorneys for Defendants*
*Alembic Pharmaceuticals, Ltd. and*
*Alembic Pharmaceuticals, Inc.*

                                              */s/ Megan E. Dellinger*
                                              Megan E. Dellinger (#5739)